IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60791
Conference Calendar
_____


HARRY W. VINSON,

                                        Plaintiff-Appellant,

versus

HAROLD RAY PRESLEY; WESTERN SURETY
INSURANCE COMPANY; LEE COUNTY BOARD OF
SUPERVISORS; BILLY S. DAVIS; CHARLES
R. DUKE; TOMMIE LEE IVY; MARTHA SWANN;
COREGIS INSURANCE COMPANY; BILL
BEASLEY; PHELPS DUNBAR, LLP; JOHN
DOE INSURANCE COMPANY; THOMAS KENNEDY,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:99-CV-262-P-A
- - - - - - - - - -
August 22, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

     Harry W. Vinson appeals from the district court's order

granting the defendants' motion to dismiss Vinson's claims

brought pursuant to 42 U.S.C. § 1983 for failure to state a claim

on which relief could be granted, Fed. R. Civ. P. 12(b)(6).

Vinson argued that the defendants had violated his First

Amendment right to freedom of religion based on Sheriff Presley's

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

actions in responding to Rita Vinson's requests and removing Harry Vinson from the home Rita Vinson shared with their parents. Vinson argued that he and his father shared a special religious relationship that exists only when they are together and that the defendants' actions therefore interfered with his religious freedom.

We have reviewed the record, the briefs of the parties, and the applicable law, and we DISMISS Vinson's appeal as frivolous essentially for the reasons set forth in the district court's final judgment of dismissal. See Vinson v. Presley et al., No. 1:99CV262-P-A (N.D. Miss. Sep. 14, 2000). Based on Vinson's prior frivolous appeals, we previously warned Vinson about this court's power to sanction a party who takes continued frivolous appeals. Vinson v. Colom et al., No. 99-60826 (5th Cir. Jul. 27, 2000). Accordingly, we impose a $ 500 sanction. Until the sanction is paid, Vinson is barred from filing any pro se civil appeal in this court, or any initial civil pleading in any court which is subject to this court's jurisdiction, without the advanced written permission of a judge of the forum court.

APPEAL DISMISSED; SANCTION IMPOSED.